UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 501 School Street, S.W. ) <br> Suite 725 ) <br> Washington, D.C. 20024, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF COMMERCE, ) <br> 14th and Constitution Avenue, N.W. ) <br> Washington, D.C. 20230, ) <br> ) <br> Defendant. ) | CASE NUMBER   1:95CV00133 <br> JUDGE: Royce C. Lamberth <br> DECK TYPE: FOIA <br> DATE STAMP: 01/19/95 <br><br> Civil Action No._____ <br><br>  <br> FILED <br> JAN 1 9 1995 <br> CLERK, U.S. DISTRICT COURT <br> DISTRICT OF COLUMBIA |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now Plaintiff, Judicial Watch, Inc., and hereby files a complaint for compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq. as amended. Judicial Watch, Inc. respectfully alleges as follows:

1. This is action brought under FOIA to order the production of United States Department of Commerce ("DOC") documents and records.

2. This court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B).

3. Plaintiff Judicial Watch, Inc. is a non-profit corporation incorporated under the laws of the District of Columbia and whose principal place of business is 501 School Street, S.W., Suite 725, Washington, D.C. 20024. Plaintiff, the requestor of the withheld documents, is a foundation organized

for the promotion and protection of justice and social welfare, including preventing abuses and violations of the public trust by federal and state government officers, officials, employees, agents, and/or persons acting in concert with them. In furtherance of these principles, Plaintiff is empowered to take legal and other corrective action to promote these goals and protect the public interest.

4. Defendant United States Department of Commerce ("DOC") is an agency of the United States, established by statute and charged with responsibility for, *inter alia*, administration of federal programs on commerce, trade, and other related issues. Its principal place of business is 14th and Constitution Avenue, N.W., Washington, D.C. 20230. The Defendant agency has possession of the documents and records to which Plaintiff seeks access.

5. Plaintiff filed with Defendant DOC on September 12, 1994, via certified mail and facsimile, a FOIA request in the form of a letter to Ms. Brenda Dolan of DOC, requesting access to certain records under FOIA (Exhibit 1). Access was requested to records pertaining to Secretary Ronald Brown's visits for the purpose of trade promotion to the People's Republic of China and the Republic of South Africa.

6. Plaintiff filed with Defendant DOC on September 13, 1994, via certified mail and facsimile, an amended FOIA request

in the form of a letter to Ms. Brenda Dolan of DOC requesting access to certain records, under FOIA (Exhibit 2). Access was requested to records pertaining to Secretary Ronald Brown's visits for the purpose of trade promotion to the Republic of South Africa, the former Soviet Union, South America, and the People's Republic of China. In several prominent press publications, (Exhibits 9 and 10), it had been reported that Secretary Brown had, in effect, sold access to and participation in these trips, as well as his personal promotion efforts with foreign governments and business interests, to those American companies and corporate officials who agreed to contribute large sums of money to the Democratic Party.

7. Defendant DOC did not respond to Plaintiff's request within ten (10) days, or by September 27, 1994, as required under 5 U.S.C. §552(a)(6)(A)(i) and 19 C.F.R. §§ 4.6(a) and (b).

8. Plaintiff filed with Defendant DOC on September 29, 1994, via certified mail and facsimile, a letter which noted that DOC's refusal to respond within ten (10) days constituted a denial of Plaintiff's FOIA requests under 15 C.F.R. §4.6(b)(3) (Exhibit 3). Further, Plaintiff indicated that, as Defendant DOC did not provide Plaintiffs with a notice of Plaintiffs' right to appeal, pursuant to 5 U.S.C. §552(a)(6)(A)(i), Defendant's refusal to respond constituted a denial of Plaintiffs' right to an appeal.

9.  On September 30, 1994, Ms. Brenda Dolan, FOIA Officer for Defendant DOC, contacted Larry Klayman, General Counsel for Plaintiff, by telephone. Dolan indicated that she had no control over Plaintiff's FOIA request as the request had been transferred to the Executive Office of Secretary Ronald Brown of Defendant DOC to handle. Dolan then requested, on behalf of Defendant DOC, that Plaintiff grant Defendant DOC a verbal voluntary extension of time until October 31, 1994. Klayman declined to grant such an extension. However, Klayman indicated that Plaintiff would consider granting Defendant DOC an extension of time if Defendant DOC would immediately provide Plaintiff with certain documentation listed in Plaintiff's FOIA requests, specifically documentation to and from companies and persons who had not been chosen to participate in Secretary Brown's various trade promotion trips, and provide the remaining requested documentation pursuant to an agreed and modest extension of time. Dolan replied that she was powerless to negotiate such an agreement with Plaintiff, as Plaintiff's FOIA requests were now being personally handled by Secretary Brown's office and that Secretary Brown's office claimed "not to be able to locate the files."

10. By letter of October 6, 1994, Mr. Anthony A. Das, as Executive Secretary for Secretary Ronald Brown, informed Plaintiff that, pursuant to 15 C.F.R. §4.6(b), Defendant DOC

would be taking a unilateral ten (10) day extension of time to respond to Plaintiff's FOIA requests (Exhibit 4).  Accordingly, Defendant DOC alleged that it would have until October 21, 1994, to respond to Plaintiff's FOIA request.

11.  Plaintiff filed with Defendant DOC on October 6, 1994, via certified mail and facsimile, a letter responding to Defendant DOC's letter of October 6, 1994, noting that 15 C.F.R. §4.6(b) applies only to extensions of time to make an initial determination (Exhibit 5).  As Defendant DOC never issued an initial determination, which by law would have been due on September 27, 1994, Defendant DOC had waived its right to an extension of time under 15 C.F.R. §4.6(b).

12.  On October 18, 1994, Larry Klayman was contacted by telephone by Melinda Moss, now Director of Office of Business Liaison of DOC and formerly, as reported by The Wall Street Journal, the "top fund-raiser" for the Democratic National Committee under its previous Secretary Chairman Ronald Brown. (Exhibit 9).  Specifically, The Wall Street Journal reported on September 9, 1994: "...Ms. Moss, who picks the companies, [on Secretary Brown's trade missions], last served as the Democratic National Committee's top fund-raiser, and many of her earlier corporate contacts revolved around political giving." Id. In a similar article, Business Week identified Ms. Moss as "a former

DNC finance director." (Exhibit 10, Business Week, September 12, 1994).

13.  In the telephone conversation initiated by Moss on October 18, 1994, Moss admitted to Klayman that DOC did not respond timely to Plaintiff's FOIA request. Moss further stated that she felt Plaintiff's FOIA request could by satisfied by Defendant DOC if Defendant only provided to Plaintiff a list of the companies which accompanied Secretary Brown on the overseas trade promotion trips.  Klayman responded that this was obviously not sufficient and reiterated Plaintiff's requests for documents relating to companies, organizations, or persons who applied for but did not go on the aforementioned trips with Secretary Brown, among the other documents and things specifically requested in Plaintiff's FOIA requests of September 12 and 13, 1994.  Klayman explained to Moss that Plaintiff would forego filing suit if certain documentation (listed in Exhibit 7) was provided to Plaintiff by October 21, 1994, and the remaining requested documentation was produced shortly thereafter.  Moss vehemently stated that Defendant DOC would not agree to this offer. Klayman then asked Moss what her title was.  Moss then called Klayman an "expletive deleted." She later slammed down the telephone, abruptly terminating the conversation. At a minimum, Moss's actions thus clearly constitute a further denial of Plaintiff's entire FOIA requests.

14. On October 19, 1994, Moss transmitted to Plaintiff, via facsimile, a letter in which she falsely alleged and grossly misstated that, during the telephone conversation of October 18, 1994, Plaintiff had "reformulated" its FOIA requests of September 12 and 13, 1994 to include only certain records (Exhibit 6). Moss did not set a deadline for Defendant DOC to respond to these allegedly "reformulated" requests.

15. On October 19, 1994, Plaintiff sent Moss, via mail and facsimile, a response to her letter of October 19, 1994, in which Plaintiff indicated that Defendant Moss had misstated and falsified Klayman's comments during the telephone conversation of October 18, 1994. In Plaintiff's letter of October 19, 1994, Klayman correctly reiterated Judicial Watch's position and certain of the facts and substance of the telephone conversation between Moss and Klayman, and requested Moss to refrain from any further misstatements of Plaintiff's position. (Exhibit 7).

16. To date, Plaintiff has received no response whatsoever from Defendant to its letter of October 19, 1994. This lack of response constitutes an admission that Moss and Defendant DOC had misrepresented and falsified Plaintiff's position.

17. To date, Defendant has also not issued an initial determination nor has Defendant disclosed any of the records requested by Plaintiff in its FOIA requests of September 12 and 13, 1994.

18. Plaintiff also filed with Defendant DOC on October 19, 1994, via certified mail and facsimile, a FOIA request in the form of a letter to Ms. Brenda Dolan of DOC, requesting access to certain records under FOIA. Access was requested to records pertaining to Secretary Ronald Brown's visits for the purpose of trade promotion to India (Exhibit 8).

19. To date, three month's later, Plaintiff has received no response from Defendant to its FOIA request of October 19, 1994.

20. Upon information and belief, Defendant has intentionally and improperly withheld the requested documents and records -- during the critical period leading up to the elections of November 8, 1994 and prior to Secretary Brown's January 1995 trip to India-- because of their likely damaging and sensitive nature to Secretary Ronald Brown, DOC, the Clinton Administration, and the Democratic Party as a whole. On information and belief, the release of these documents would show the likely violation of U.S. anti-gratuity, competition and antitrust laws, among other violations of U.S. and foreign laws.

21. Pursuant to the Freedom of Information Act, 5 U.S.C. §552(a)(3), Plaintiff has a right of access to the documents and records requested, and Defendant has no legal basis for its actions in withholding the right of access to such documents.

22. Plaintiff has exhausted his administrative remedies, as provided in FOIA, 5 U.S.C. §552(a)(6)(C).

23. In its denial of Plaintiff's FOIA requests, Defendant, and those individuals acting in concert with Defendant, have shown a blatant disregard for FOIA and DOC's implementing regulations, including 5 U.S.C. §552(a)(6) and 15 C.F.R. §4.6(b), and have acted arbitrarily and capriciously.  Thus, Defendant, and its officers, including but not limited to Ms. Moss and Secretary Brown, should respectfully be subject to proceedings pursuant to 5 U.S.C. §552(a)(4)(F).

WHEREFORE, Plaintiff prays this Court:

1. Declare that Defendant DOC's refusal to provide an initial determination and to disclose the records and documents requested by Plaintiff is unlawful;

2. Order Defendant to make the requested records and documents available to Plaintiff;

3. Expedite the hearing of this action under 5 U.S.C. §552(a)(4)(D);

4. Award Plaintiff its costs and reasonable attorneys' fees in this action; and

5.  Grant such other and further relief as the Court may deem just and proper.

Dated: January 19, 1994

_____
Larry Klayman
D.C. Bar No. 334581
JUDICIAL WATCH, INC.
501 School Street, S.W.
Suite 725
Washington, D.C.  20024
Tel: (202) 646-5172

Counsel for Plaintiff